**CAUSE NO. ___________________**

| | | |
|---|---|---|
| **ABAYUBA ROSA-ZELIS**<br>**As Plaintiff,** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| **VS.** | § | **COLLIN COUNTY, TEXAS** |
| | § | |
| **AMAZON.COM, LLC., AMAZON,** | § | |
| **AMAZON.COM, AMAZON.COM, INC., ROYALVILLE TRANSPORT, LLC, AND JOHN DOE**<br>**As Defendants.** | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCOVERY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, ABAYUBA ROSA-ZELIS, complaining of Defendants, JOHN DOE, AMAZON.COM, LLC, AMAZON, AMAZON.COM, AMAZON.COM, INC., ROYALVILLE TRANSPORT, LLC, and JOHN DOE and for cause would show as follows:

### I. DISCOVERY CONTROL PLAN

Plaintiff intends that discovery be conducted under Discovery Level II.

### II. VENUE AND JURISDICTION

Venue is proper in Collin County, Texas because all or a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred in Collin County, Texas. Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000. Jurisdiction is proper because Plaintiff seeks to recover an amount within the jurisdictional limit of this Court.

### III. PARTIES

Plaintiff, ABAYUBA ROSA-ZELIS is a resident of Collin County, Texas and holds:

SSN: XXX-XX-X994
TDL: XXXXXX021

Defendant AMAZON.COM, LLC is foreign limited liability company doing business in Texas and may be served with process by and through its registered agent for service:

Corporation Service Company
d/b/a CSC Lawyers Incorporating Service Company
211 E. 7th Street, Suite 620 Austin, TX 78701.

Defendant AMAZON, AMAZON.COM, and AMAZON.COM, INC. are each an assumed or common name under which partnership, unincorporated association, private corporation, limited liability company or individual was/is doing business at, on and/or in connection with an Amazon warehouse facility located at 16399 Gateway Dr., Prosper, Texas 75078. Defendant is hereby sued in its assumed or common names pursuant to the provisions of Rule 28 of the Texas Rules of Civil Procedure and can be served by and through its registered agent for service:

Corporation Service Company
d/b/a CSC Lawyers Incorporating Service Company
211 E. 7th Street, Suite 620 Austin, TX 78701.

Defendant ROYALVILLE TRANSPORT, LLC, is a foreign limited liability company doing business in Texas and has failed to appoint or maintain a registered agent in the State of Texas and may be served through the Texas Secretary of State.

Royalville Transport, LLC
100 Chesterfield Bus Pkwy-Suite 200
Chesterfield, MO 63005

Service is being requested via the Texas Secretary of State Service of Process.
Secretary of State
P.O. Box 12079
Austin, Texas 78711-2079

Defendant JOHN DOE is an unnamed individual whose whereabouts are currently unknown. No citation is being requested at this time.

## IV. FACTS

1. On or about August 19, 2023, in or around Collin County, Plaintiff Abayuba Rosa-Zelis was driving on Gateway Drive towards PGA Parkway at approximately 12:30PM. At approximately the same time, Defendant John Doe was driving a large truck with Amazon logos on Gateway Drive.

2. Defendant John Doe drove into a lane not meant for travel, failed to drive on the right half of the roadway, entered Plaintiff Abayuba Rosa-Zelis's lane of travel, failed to stop at the stop sign, and/or failed to proceed into the intersection only when it was safe to do so, among other acts of negligence, causing a collision with the vehicle driven by Plaintiff Abayuba Rosa-Zelis. The actions and/or inactions of Defendant John Doe resulted in a collision causing severe injuries and damages to be sustained by Plaintiff Abayuba Rosa-Zelis. The actions and/or inactions of Defendant John Doe were the direct and proximate causes of the crash.

3. At the time of the crash and the negligent acts set forth in this petition, it is alleged that Defendant John Doe was driving in his own individual capacity and/or acting within the course and scope of his employment with Defendant(s) Amazon.com, LLC, Amazon, Amazon.com, Amazon.com, Inc., and/or Royalville Transport, LLC.

4. As the common law employer of Defendant John Doe and/or the motor carrier for whom Defendant John Doe was driving his vehicle and pursuant to state law, Defendant(s) Amazon.com, LLC, Amazon, Amazon.com, Amazon.com, Inc., and/or Royalville Transport, LLC, were the statutory employer(s) of Defendant John Doe.

5. At the time of the crash the vehicle operated by Defendant John Doe was owned by Defendant(s) Amazon.com, LLC, Amazon, Amazon.com, Amazon.com, Inc., and/or Royalville Transport, LLC.

## V. CAUSES OF ACTION – JOHN DOE

Plaintiff incorporates all prior and subsequent paragraphs as if fully restated and realleged herein. The crash made the basis of this suit was directly and proximately caused by the negligence, gross negligence, and negligence per se of the Defendant John Doe in one or more of the following regards, among others:

1) Driving at an excessive speed for the circumstances;
2) Failing to maintain a proper lookout and/or pay attention to the road;
3) Failing to sound his horn or make other audible warnings of the dangerous collision;
4) Failing to timely and properly turn his vehicle to avoid the collision;
5) Failing to timely and properly apply his brakes;
6) Failing to drive entirely within a single lane in violation of Tex. Transportation Code §545.060(a)(1);
7) Failing to not move from the lane unless that movement can be made safely in violation of Texas Transportation Code §545.060(a)(2);
8) Failing to drive on the right side of the roadway in violation of Texas Transportation Code §545.051
9) Failing to control his speed;
10) Failing to take proper evasive action that would have been taken by a person of ordinary prudence under the same or similar circumstances;
11) Failing to remain reasonably attentive to the traffic and other conditions existing on the roadway as a reasonably prudent person would have been under the same or similar circumstances;
12) Driving in a lane marked not for travel;
13) Passing a vehicle when unsafe to do so;
14) Driving to the left of center of road way within 100 feet of an intersection in violation of Texas Transportation Code §545.056;
15) Continuing to drive after striking a vehicle;
16) Failing to stop, remain at the scene, and/or determine if a person requires aid, after a collision involving personal injury or death in violation of Texas Transportation Code §550.021;
17) Failing to stop and/or remain at the scene, after a collision involving damage to a vehicle in violation of Texas Transportation Code §550.002;
18) Failing to give the operator's name, address, license, and insurance information after a collision in violation of Texas Transportation Code §550.023;
19) Driving in a lane that is occupied by another vehicle;
20) Driving while distracted, and
21) Failing to drive as a reasonably prudent person would in the same circumstances.

The statutes Defendant John Doe violated were designed to protect against the type of accident and/or harm that Plaintiff Abayuba Rosa-Zelis endured due to

Defendant John Doe's negligence. Furthermore, as a driver on the roads of Texas, Plaintiff Abayuba Rosa-Zelis was of the class of persons these statutes were meant to protect.

The wrongs done by the Defendants were aggravated by the kind of conduct for which the law allows the imposition of exemplary damages, in that the Defendants' conduct, when viewed objectively from the Defendants' standpoint at the time of the conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and the Defendants were actually or subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. Plaintiff, therefore, seeks exemplary damages in an amount within the jurisdictional limits of the court.

## VI. NEGLIGENT ENTRUSTMENT – AMAZON.COM, LLC, AMAZON, AMAZON.COM, AMAZON.COM, INC., AND/OR ROYALVILLE TRANSPORT, LLC

Plaintiff incorporates all prior and subsequent paragraphs as if fully restated and realleged herein. At the time of the collision the owner of the vehicle, Defendant(s) Amazon.com, LLC, Amazon, Amazon.com, Amazon.com, Inc., and/or Royalville Transport, LLC negligently entrusted the vehicle involved in the collision to Defendant John Doe who was an unlicensed, incompetent, and/or reckless driver. Defendant(s) Amazon.com, LLC, Amazon, Amazon.com, Amazon.com, Inc., and/or Royalville Transport, LLC knew or should have known Defendant John Doe was an unlicensed, incompetent, and/or reckless driver. The negligence of defendant John Doe caused the collision. The negligence of Defendant John Doe proximately resulted from the entrustment of the vehicle by Defendant(s) Amazon.com, LLC, Amazon, Amazon.com, Amazon.com, Inc., and/or Royalville Transport, LLC.

## VII. CAUSE OF ACTION - AMAZON.COM, LLC, AMAZON, AMAZON.COM, AMAZON.COM, INC., AND/OR ROYALVILLE TRANSPORT, LLC.

Plaintiff incorporates all prior and subsequent paragraphs as if fully restated and realleged herein. Defendant(s) Amazon.com, LLC, Amazon, Amazon.com, Amazon.com,

Inc., and/or Royalville Transport, LLC. by and through the acts of its employee, Defendant John Doe, in the course and scope of his employment, drove into a lane not meant for travel, failed to drive on the right half of the roadway, entered Plaintiff Abayuba Rosa-Zelis's lane of travel, failed to stop at the stop sign, and/or failed to proceed into the intersection only when it was safe to do so, among other acts of negligence, listed in section "V. Causes of Action – John Doe", all of which constitutes negligence, negligence per se, and/or gross negligence which proximately caused the crash, Plaintiff Abayuba Rosa-Zelis's injuries and resulting damages.

Further, Defendant(s) Amazon.com, LLC, Amazon, Amazon.com, Amazon.com, Inc., and/or Royalville Transport, LLC. failed to properly train and supervise Defendant John Doe. Failed to train and supervise Defendant John Doe to not drive distracted, to comply with the driving knowledge and skill requirements of a prudent driver, to drive in a manner that prevents the acts of negligence listed in "V. Causes of Action – John Doe", and to comply with the requirements of Texas Transportation Code These actions and/or inactions constitutes negligence, negligence per se, and gross negligence, and which proximately caused the crash, Plaintiff Abayuba Rosa-Zelis's injuries, and resulting damages.

At the time and on the occasion in question, and immediately prior thereto, Defendant John Doe was guilty of negligence, negligence per se, and gross negligence, including the acts of negligence listed in "V. Causes of Action – John Doe", which negligence, negligence per se, and gross negligence, was a proximate cause of the occurrence in question and the injuries and damages suffered by Plaintiff. As the employer of John Doe, Defendants Amazon.com, LLC, Amazon, Amazon.com, Amazon.com, INC., and/or Royalville Transport, LLC. are responsible for John Doe's negligence.

Furthermore, Plaintiff's injuries were a direct and proximate result of the negligence of Defendants Amazon.com, LLC, Amazon, Amazon.com, Amazon.com, INC., and/or Royalville Transport, LLC, in one or more of the following regards, among others;

1) Negligently entrusting a vehicle to John Doe;

2) Failing to adopt proper policies and procedures regarding the interview of potential employee who will be driving vehicle on the roadways of the State of Texas;
3) Failing to conduct proper employment and/or background check;
4) Failing to sufficiently inquire into Defendant John Doe qualifications, training, and competency before hiring him;
5) Failing to explain and demonstrate the safety policies and procedures to Defendant John Doe;
6) Failing to provide the necessary and proper training to Defendant John Doe regarding driving safely on the public roadways;
7) Failing to provide and/or require regular follow—up driver education and training to Defendant John Doe;
8) Failing to monitor Defendant John Doe to ensure that he complied with policies and procedures;
9) Failing to interview and test Defendant John Doe to make sure he read, and was familiar with, understood, and followed the company policies and procedures;
10) Failing to document attendance and topics discussed at any safety meeting and/or course instruction;
11) Failing to require attendance at any safety meetings or instruction;
12) Failing to discipline, supervise, remedy, and train Defendant John Doe;
13) Failing to train, reprimand, supervise, and remedy any deficiencies in Defendant John Doe as a driver;
14) Failing to monitor and document the number of accidents and moving violations, involving Defendant John Doe;
15) Failing to act when notified that Defendant John Doe was involved in an accident and/or, moving violation involving Defendant John Doe;
16) Negligent hiring of Defendant John Doe;
17) Negligent employment of Defendant John Doe;
18) Negligent hiring of Defendant John Doe;
19) Failing to properly qualify, train, and/or supervise Defendant John Doe in order to prevent such accident;
20) Failing to properly maintain and/or repair the vehicle driven by Defendant John Doe.

The foregoing acts and/or omissions of Defendants were a producing, direct, and/or proximate cause of the injuries complained of herein and of Plaintiff's damages.

## VIII. RESPONDEAT SUPERIOR

At the time of the accident Defendant, John Doe, was the agent, servant, and employee of Defendant(s) Amazon.com, LLC, Amazon, Amazon.com, Amazon.com, Inc., and/or Royalville Transport, LLC. and was acting within the scope of his authority as such agent, servant, and employee. Defendants Amazon.com, LLC, Amazon,

Amazon.com, Amazon.com, Inc., and/or Royalville Transport, LLC., are liable to Plaintiff for the negligence of Defendant John Doe, under the common law doctrine of respondeat superior.

## IX. GROSS NEGLIGENCE – DEFENDANT JOHN DOE, AMAZON.COM, LLC, AMAZON, AMAZON.COM, AMAZON.COM, INC., AND/OR ROYALVILLE TRANSPORT, LLC

In addition to actual damages, Plaintiff seeks to recover exemplary and/or punitive damages from Defendants John Doe, Amazon.com, LLC, Amazon, Amazon.com, Amazon.com, INC., and/or Royalville Transport, LLC, because Defendants' conduct was of such character as to constitute gross negligence. Defendants' actions in connection with the collision involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and to other users of the public roadways. Defendant had and/or should have had actual, subjective knowledge of the risk involved, but nevertheless acted in conscious indifference to the rights, safety, and welfare of others, including the Plaintiff.

## X. DAMAGES

As a result of the crash, Plaintiff, Abayuba Rosa-Zelis, has been injured and damaged in the past and in all probability will continue to be so injured and damaged in the future, in one or more of the following regards, among others in excess of the minimum jurisdiction of this court:

1) Medical expenses;
2) Loss of earnings, earning capacity and/or lost business profits;
3) Physical pain and suffering;
4) Mental anguish;
5) Impairment;
6) Loss of consortium
7) Disfigurement; and/or
8) Property damage, including repair costs, loss of use, and/or diminished market value of his vehicle.

## XI. INTENT TO USE DEFENDANTS' DOCUMENTS

In accordance with Texas Rule of Civil Procedure Rule 193.7, Plaintiff hereby notify Defendants that any and all documents produced to Plaintiff by Defendants in response to written discovery requests may be used at any pretrial proceeding, as well as entered into evidence at the final trial of this cause and are considered authenticated as to producing parties by the fact of production itself.

## XII. JURY DEMAND

Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## XIII. DISCOVERY

Plaintiff is not permitted to serve discovery on another party until after the initial disclosures are due. See T.R.C.P. 192.2. As such, **<u>the discovery indicated below is not to be considered served until the day following the due date for initial discovery. See T.R.C.P. 194.2.</u>**

Note, your answer is due by 10:00 a.m. on the first Monday following the expiration of twenty days after you were served this citation and petition. See Citation to this Defendant.

A party must make the initial disclosures within 30 days after the filing of the first answer or general appearance unless a different time is set by the parties' agreement or court order. A party that is first served or otherwise joined after the filing of the first answer or general appearance must make the initial disclosures within 30 days after being served or joined, unless a different time is set by the parties' agreement or court order. See T.R.C.P. 194.2.

**<u>Again, the discovery below is not considered served on this Defendant until the day after the initial disclosures are due by this Defendant</u>.**

## REQUESTS FOR ADMISSIONS, INTERROGATORIES, AND REQUESTS FOR PRODUCTION

See Section IX above. These discovery requests are being served on all Defendants pursuant to section IX above.

Pursuant to Rules 196 through 198, TEX. R. CIV. P., Plaintiff herein, propounds the following requests for admissions, interrogatories, and requests for production to both Defendants.

## REQUESTS FOR ADMISSIONS

This Request for Admissions is to be served on and answered by each Defendant, John Doe, Amazon.com, LLC, Amazon, Amazon.com, Amazon.com, INC., and/or Royalville Transport, LLC, respectively. The "Defendant" referenced in each Request for Admissions references the Defendant that is answering the Request. You, the Defendant, are hereby instructed to respond to the following Requests for Admissions separately, fully, in writing, and under oath. You are notified that Plaintiff specifies that your responses to these Requests for Admissions shall be served upon the undersigned counsel thirty (30) days after they are considered served. Your failure to make timely answers or objections may subject you to sanctions as provided in Rule 215 of the Texas Rules of Civil Procedure.

REQUEST FOR ADMISSION NO. 1:
Admit that you, the Defendant, were the cause of the accident made the basis of this suit.

RESPONSE:

REQUEST FOR ADMISSION NO. 2:
Admit that you, the Defendant, drove in a lane with marks signifying it was not for travel.

RESPONSE:

REQUEST FOR ADMISSION NO. 3:
Admit that you, the Defendant, failed to keep a proper lookout for traffic resulting in the collision made the basis of this suit.

RESPONSE:

REQUEST FOR ADMISSION NO. 4:
Admit that you, the Defendant, failed to timely and properly sound a horn or make other audible warnings of the danger of collision made the basis of this suit.

RESPONSE:

REQUEST FOR ADMISSION NO. 5:
Admit that you, the Defendant, failed to timely and properly brake to avoid the collision made the basis of this suit.

RESPONSE:

REQUEST FOR ADMISSIONS NO. 6:
Admit that you, the Defendant, failed to timely and properly turn the vehicle to avoid the collision made the basis of this suit.

RESPONSE:

REQUEST FOR ADMISSIONS NO. 7:
Admit that you, the Defendant, failed to drive as a reasonably prudent person would under similar circumstances in the collision made the basis of this suit.

RESPONSE:

REQUEST FOR ADMISSIONS NO. 8:
Admit that you, the Defendant, used a cellphone while driving at the time of the collision made the basis of this suit.

RESPONSE:

REQUEST FOR ADMISSIONS NO. 9:
Admit that you, the Defendant, were at fault for the collision made the basis of this suit.
RESPONSE:

REQUEST FOR ADMISSION NO. 10:
Admit that you, the Defendant, were negligent in the operation of his vehicle.

RESPONSE:

REQUEST FOR ADMISSION NO.11:
Admit that you, the Defendant, were talking on your cell phone at the time of the collision made the basis of this suit.

RESPONSE:

REQUEST FOR ADMISSION NO. 12:
Admit that you, the Defendant, are properly named in this suit.

RESPONSE:

REQUEST FOR ADMISSION NO.13:
Admit that you, the Defendant, were distracted by your cell phone at the time of the collision made the basis of this suit.

RESPONSE:
REQUEST FOR ADMISSION NO.14:
Admit that you, the Defendant, were under the influence of any substances at the time of the collision made the basis of this suit.

RESPONSE:

REQUEST FOR ADMISSION NO.15:
Admit that you, the Defendant, were under the influence of alcohol at the time of the collision made the basis of this suit.

RESPONSE:

REQUEST FOR ADMISSION NO.16:
Admit that you, the Defendant, were texting/messaging from your cell phone at the time of the collision made the basis of this suit.

RESPONSE:

REQUEST FOR ADMISSION NO.17:
Admit that you, the Defendant, were distracted in your vehicle at the time of the collision made the basis of this suit.

RESPONSE:

REQUEST FOR ADMISSION NO.18:
Admit that you, the Defendant, entrusted the vehicle to John Doe, that he was driving at the time of the collision made the basis of this suit.

RESPONSE:

REQUEST FOR ADMISSION NO.19:
Admit that John Doe was acting within the course and scope of his employment with Amazon.com, LLC, at the time of the collision made the basis of this suit.

RESPONSE:

REQUEST FOR ADMISSION NO.21:
Admit that John Doe was acting within the course and scope of his employment with Amazon at the time of the collision made the basis of this suit.

RESPONSE:

REQUEST FOR ADMISSION NO.22:
Admit that John Doe was acting within the course and scope of his employment with Amazon.com, at the time of the collision made the basis of this suit.

RESPONSE:

REQUEST FOR ADMISSION NO.23:
Admit that John Doe was acting within the course and scope of his employment with Amazon.com, INC. at the time of the collision made the basis of this suit.

RESPONSE:

REQUEST FOR ADMISSION NO.24:
Admit that John Doe was acting within the course and scope of his employment with Royalville Transport, LLC at the time of the collision made the basis of this suit.

RESPONSE:

REQUEST FOR ADMISSION NO.25:
Admit that you the defendant, owned the vehicle that struck Plaintiff Abayuba Rosa-Zelis during the incident made the basis of this suit.

RESPONSE:

REQUEST FOR ADMISSION NO.25:
Admit that you the defendant, owned the trailer that struck Plaintiff Abayuba Rosa-Zelis during the incident made the basis of this suit.

RESPONSE:

**REQUEST FOR INTERROGATORIES:**

This Request for Interrogatories is to be served on and answered by each Defendant, John Doe, Amazon.com, LLC, Amazon, Amazon.com, Amazon.com, INC., and/or Royalville Transport, LLC, respectively. The "Defendant" referenced in each Request for Interrogatories references the Defendant that is answering the Request. You, the Defendant, are hereby instructed to answer the following Interrogatories separately, fully, in writing, and under oath. You are notified that Plaintiff specifies that your answers to these Interrogatories shall be served upon the undersigned counsel within thirty (30) days after they are considered served. Your failure to make timely answers or objections may subject you to sanctions as provided in Rule 215 of the Texas Rules of Civil Procedure.

INTERROGATORY NO. 1:
Identify the driver of the container truck that struck Plaintiff Abayuba Rosa-Zelis on August 19, 2023, at approximately 12:30PM at the intersection of Gateway Drive and PGA Parkway, by stating:

A. The driver's name.
B. The driver's date of birth.
C. The driver's drivers license number and issuing state.

RESPONSE:

**REQUESTS FOR PRODUCTION**

This Request for Production is to be served on and answered by each Defendant, John Doe, Amazon.com, LLC, Amazon, Amazon.com, Amazon.com, INC., and/or Royalville Transport, LLC, respectively. The "Defendant" referenced in each Request for Production references the Defendant that is answering the Request. You, the Defendant, are hereby instructed to answer the following Requests for Production separately, fully, in writing, and under oath. You are notified that Plaintiff specifies that your responses to these Requests for Production shall be served upon the undersigned counsel within thirty (30) days after they are considered served. Your failure to make timely answers or objections may subject you to sanctions as provided in Rule 215 of the Texas Rules of Civil Procedure.

Please produce for inspection and copying the following documents, information, or tangible things in your possession, custody, or control.

REQUEST FOR PRODUCTION NO. 1:
Please provide copies of all video recordings, audio recordings, dash camera recordings, body worn camera recordings, and photographs depicting the scene of the incident made the basis of this suit.

RESPONSE:

REQUEST FOR PRODUCTION NO. 2:
Please provide copies of all video recordings, audio recordings, and dash camera recordings, from the vehicle driven by John Doe, in the 10 minutes before the incident made the basis of this suit occurred, during the incident, and the 10 minutes after the incident.

RESPONSE:

REQUEST FOR PRODUCTION NO. 3:
Please provide copies of all GPS data, logs, documents, communications, and/or data, related to any delivery vehicles entering or leaving the Amazon DDX6 warehouse between the hours of 10:00AM and 2:00PM on August 19, 2023.

RESPONSE:

REQUEST FOR PRODUCTION NO. 4:
Please produce all documents, communications, files, videos, photographs, and data that you were requested to preserve in the spoliation notice you received from the Line Law Firm related to the incident made the basis of this suit.

RESPONSE:

## PRAYER

Wherefore, premises considered, Plaintiff, Abayuba Rosa-Zelis, prays judgment of this court against Defendants for actual damages, costs of court, pre-judgment interest, post-judgment interest, and for such other and further relief, general or special, at law or in equity, as he may show himself justly entitled.

Respectfully submitted,
**THE LINE LAW FIRM, PLLC**
4131 N. Central Expressway 9th Floor
Dallas, Texas 75204

Phone: Tel. 214-821-2882
Fax. 214-821-2191

Winston B. Line, Attorney at Law
SBN: 24068698
Email: winston@linelawfirm.com

Michael Campbell

Michael Campbell
SBN: 24124068
Email: michael@linelawfirm.com
ATTORNEYS FOR PLAINTIFF